UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ALLEN LLOYD SWINDLER,

    Plaintiff,

    v.

JOHN HANLIN; CLAYTON RUBLE,

    Defendants.

_____

ALLEN LLOYD SWINDLER

    Plaintiff,

    v.

LT. CLAYTON RUBLE; DOUGLAS COUNTY JAIL; SHERIFF JOHN HANLIN,

    Defendants.

_____

Case No. 6:24-cv-00590-AA
(Lead case)
Case No. 6:24-cv-01465-AA
(Trailing case)

**OPINION AND ORDER**

1 -   **OPINION AND ORDER**

AIKEN, District Judge.

Plaintiff, an adult in custody (AIC) at the Douglas County Jail, brings these consolidated actions pursuant to 42 U.S.C. § 1983 and challenges jail polices related to incoming mail, publications, telephone calls, visitation, and discovery tablets, and the alleged inadequacy of the law library. The parties now move for summary judgment. Upon review of the record and the parties' arguments, Defendants' motions are granted and these actions are dismissed.

## DISCUSSION

A.  Standards

To prevail on their respective motions, the parties must show that there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party must present evidence of record, together with affidavits, if any, that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meet this burden, the burden shifts to the non-moving to demonstrate the existence of a genuine issue of fact for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

On cross-motions for summary judgment, the Court considers each party's motion on its own merits. *Fair Housing Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). The Court must "draw all reasonable inferences against the party whose motion is under consideration." *Schwabenbauer v. Bd. of Educ.*, 667 F.2d 305, 314 (2d Cir. 1981). The Court "does not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." *Balint v. Carson City, Nev.*, 180 F.3d 1047, 1054 (9th Cir. 1999). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec.*, 475 at 587.

2 -    OPINION AND ORDER

Because Plaintiff is self-presented, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 882-83 (9th Cir. 1991). However, Plaintiff bears the "obligation to show a genuine issue of material fact for trial through the presentation of specific, admissible evidence." *Epling v. Komathy*, 2011 WL 13142131, at *1 (C.D. Cal. Dec. 5, 2011). It is well established that "mere allegation and speculation do not create a factual dispute for purposes of summary judgment." *Nelson v. Pima Comty. College*, 83 F.3d 1075, 1081-82 (9th Cir. 1996).

The majority of Plaintiff's claims challenge policies implemented by the Douglas County Jail, and the Court evaluates these policies under the test established in *Turner v. Safley*, 482 U.S. 78 (1987). There, the Supreme Court concluded that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Id.* at 89-90. The Court set forth a four-factor test to evaluate the reasonableness of regulations: 1) whether a "rational connection" exist between the regulation and a "legitimate and neutral" government objective; (2) whether "alternative means of exercising" the asserted right are available to AICs; (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources"; and (4) whether "the existence of obvious, easy alternatives" indicate that the regulation "is an 'exaggerated response' to prison concerns." *Id.*

B.  Mail Policies

Plaintiff challenges the Douglas County Jail policy that requires all incoming mail to be scanned and uploaded to the "CIDNET" system.[1] After mail is uploaded, AICs must read their mail through a kiosk located in the dayroom, and the original mail is stored in AIC property bins.

---

[1] CIDNET is the Correctional Intelligence Data Network, a data management software system utilized by the Douglas County Jail to communicate with AICs, send announcements to AICs, and process AIC requests, among other functions. Second Ruble Decl. ¶ 4 (ECF No. 45).

3 -    OPINION AND ORDER

First Ruble Decl. ¶ 7 & Ex. 1 at 2 (ECF No. 20). Defendants adopted this policy to combat the introduction of narcotics through incoming mail, reduce hoarding of books and paper, and limit the use of such items to cover cell windows and cameras. First Ruble Decl. ¶¶ 2-6. Plaintiff argues that this policy violates his First Amendment rights because jail officials open and scan "legal," "special," and "privileged" mail, the viewing kiosk is visible to all AICs in the dayroom, and the policy has a "chilling" effect on the mail Plaintiff sends and receives.

Plaintiff presents no evidence that Douglas County Jail officials open and scan confidential, legal mail entitled to constitutional protection. Individuals in custody "have a protected First Amendment interest in having properly marked legal mail opened only in their presence." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017); *see also Wolff v. McDonnell*, 416 U.S. 539, 577 (1974); *Nordstrom v. Ryan*, 762 F.3d 903, 909-10 (9th Cir. 2014). Legal mail entitled to constitutional protection is correspondence to or from an AIC's attorney that is properly marked as "legal mail." *See Wolff*, 418 U.S. at 576-77. Correspondence to Plaintiff from other parties, such as this Court or Defendants' counsel, is not confidential attorney-client communications and is not "legal mail" for purposes of the First Amendment.

Plaintiff likewise presents no admissible evidence that the mail policy exposes his personal communications to unauthorized third parties or chills the mail he receives. *See, e.g., Diez v. Texas Dep't of Crim. Justice*, 2024 WL 1959293, at *2 (S.D. Tex. May 3, 2024) (finding that the plaintiff potentially stated a First Amendment claim arising from the scanning and storing of AICs' mail "on a server accessible through the internet"). Further, several courts have found no constitutional violation arising from the digitization of AIC mail. *See Rancourt Little Mountain Woodell v. Wetzel*, 2022 WL 17424287, at *2 (3d Cir. Dec. 6, 2022) (finding no "precedent that clearly establishes that it violates the First Amendment for the DOC to use

4 -    **OPINION AND ORDER**

vendors…to scan non-privileged mail, send the digital files to the prisons, and destroy the originals"); *see also Human Rights Defense Ctr. v. Bd. Cty. Comm'rs for Strafford Cty.*, 654 F. Supp. 3d 85, 92-100 (D. N.H. 2023) (finding that a policy banning all incoming paper mail, including books and periodicals, survived constitutional scrutiny): *Harris v. Cota*, 2023 WL 4195672, at *5 (W.D. Mich. June 27, 2023) (finding that "Plaintiff's displeasure with his receipt of the copy, not the original, simply does not rise to the level of a First Amendment violation"); *Williams v. Redman*, 2021 WL 1907224, at *4 (N.D. Ind. May 12, 2021) (stating that the "First Amendment protects *communication*, not pieces of paper").

Applying the *Turner* factors, I find that the Jail's mail policy is rationally connected to the stated objectives of combating contraband, limiting the unnecessary storage of paper, and preventing the use of paper for improper purposes. Further, AICs have an "alternative means of exercising" the asserted right by viewing mail through the CIDNET system, and the adoption of this policy is not an exaggerated response.

Accordingly, Plaintiff fails to raise a genuine issue of material fact to defeat summary judgment on this claim.

C. Publication Policies

Plaintiff alleges that in November 2023, Defendants adopted a publication policy that banned all books and publications in violation of AICs' First Amendment rights.

In 2023 and 2024, Douglas County Jail experienced an increase of drugs entering the facility, including drugs found in packages sent directly from third-party retailers. Hisel Decl. Ex. 3 at 43-45; Second Ruble Decl. ¶¶ 3-4 & Ex. 8 at 1. On November 14, 2023, Douglas County Jail notified AICs that incoming packages and publications would be subject to restrictions and that AICs would be required to obtain authorization for requested publications. Second Ruble

5 -    OPINION AND ORDER

Decl. ¶ 4 & Ex. 2 at 1. Ultimately, in the spring of 2024, the Douglas County Jail authorized an approved vendor list and implemented a process to approve third-party publications. *Id.* ¶ 15 & Ex. 7 at 29, 33, Ex. 11.

Plaintiff does not dispute these facts and instead challenges Defendants' assertion that they "restricted," rather than banned, publications in November 2023. Regardless, the temporary ban was rationally related to a legitimate penological goal and AICs had alternative channels to obtain publications, as the Jail provides books in individual housing units and allows book exchanges between units. *Id.* ¶¶ 4, 5; Hisel Decl. Ex. 3 at 62-65, 90-94. Further, the record reflects that Plaintiff received a requested publication through his attorney and received other publications upon request. Hisel Decl. Ex. 3 at 64-65; Second Ruble Decl. ¶ 4 & Ex. 4 at 57-59, Ex. 7 at 8-9, 11-12, 15, 76, Ex. 8 at 1-2, Ex. 11.

Based on this record, Defendants' policy was rationally related to its objective of reducing contraband, was not an exaggerated response to the problem of contraband, and Plaintiff was able to exercise his rights through alternative means. Accordingly, Defendants are entitled to summary judgment on this claim.

D.  Visitation Policies

Next, Plaintiff alleges that the Douglas County Jail forbids in-person visitation (behind a glass barrier) and require all visits to occur via video.

Since the COVID-19 pandemic, the Douglas County Jail has reserved in-person visiting booths for attorney-AIC visits and requires video meetings for all other visitors, providing free access to video visits in the lobby. Hisel Decl. Ex. 3 at 107-110; Second Ruble Decl. ¶ 13.

Plaintiff does not explain how video meetings prevent or reduce his ability to have visitors, and he cites no case holding that video visitation unconstitutionally infringes on AICs'

6 -    OPINION AND ORDER

rights. Video visitation provides an alternative means for AICs to visit with family and other members of the community, and the video meetings are provided free of charge. Therefore, I find that summary judgment is appropriate on this claim.

    E. Telephone Policies

Plaintiff alleges that Defendants forbid AICs from calling public or legal organizations – including law firms, the Oregon Attorney General's Office, and the Inspector General Hotline – unless a representative from that organization registers their contact information to an AIC's account. Defendants maintain that they implemented the policy requiring AICs to register a bank of "approved" telephone numbers in response to public complaints about unwanted and harassing contact from AICs. Second Ruble Decl. ¶ 7.

Generally, the "loss of telephone privileges does not constitute a constitutional violation given the availability of alternative means of communication by mail or in person." *Bryant v. Cortez*, 536 F. Supp. 2d 1160, 1167 (C.D. Cal. 2008). Plaintiff does not dispute that he has other ways to communicate with outside parties, and the record reflects that he was able to register approved telephone numbers. Ruble Decl. Ex. 7 at 20, 23, 25-27, 30-32, 37. Further, this policy is rationally related to the purpose of reducing unwanted communication from AICs. On this record, Plaintiff fails to defeat summary judgment on this claim.

    F. Discovery Claims

        1. Discovery Tablets

The Douglas County Jail has adopted a program that provides electronic discovery tablets to AICs. Second Ruble Decl. ¶ 5. The tablets allow AICs to access the discovery in their criminal matters in collaboration with their criminal defense counsel. *Id.* The tablets are used only for discovery purposes and allow AICs access to the information through a confidential PIN. *Id.* As

7 -    OPINION AND ORDER

with the digital mail policy, the Douglas County Jail implemented this program to reduce the amount of paper retained by AICs and alleviate clutter and the use of paper for improper purposes. *Id.* ¶ 5 & Ex. 2 at 1, Ex. 7 at 5, Ex. 8 at 1-2.

Plaintiff does not explain how the adoption of discovery tablets infringes on his constitutional rights. *See United States v. Yandell*, No., 2020 WL 3858599, at *7 (E.D. Cal. July 8, 2020) (finding that the Sixth Amendment right to counsel does not extend to the physical possession of discovery by custodial defendants who are represented by counsel). I agree with Defendants that the tablets are an efficient mechanism to provide discovery to AICs, and the record reflects that Plaintiff's criminal defense counsel opted into and utilized the program. Second Ruble Dec. Ex. 6. On this record, no genuine issue of material fact precludes summary judgment on this claim.

    2. Outgoing "Discovery"

Plaintiff further alleges that Douglas County Jail officials confiscated his "discovery" sent to an outside third party. Defendants respond that Plaintiff's correspondence did not involve actual discovery and did not implicate his constitutional rights.

In early 2024, Plaintiff contacted a potential witness in his pending criminal proceeding. Second Ruble Decl. Ex. 4 at 18, 63-64, 67-71, 74-75, 81, 86. In February 2024, Plaintiff attempted to send documents to this individual, and Douglas County officials intercepted the documents and forwarded them to Plaintiff's defense counsel. Second Ruble Decl. ¶ 8 & Ex. 4 at 70-71, 74; Ex. 5, Ex. 8 at 4, 7-8. Plaintiff does not explain how the interception of these documents violated his First Amendment rights, particularly when Douglas County jail officials did not destroy the documents but forwarded them to Plaintiff's defense attorney, who could

8 -    OPINION AND ORDER

have forwarded the documents if deemed appropriate. Accordingly, summary judgment is granted on this ground.

G. <u>Adequacy of Law Library</u>

Finally, Plaintiff alleges that the law library at the Douglas County Jail does not provide adequate legal resources to AICs.

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Significantly, the decision in *Bounds* "guarantees no particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey*, 518 U.S. 343, 356 (1996); *see also Phillips v. Hurst*, 588 F.3d 652, 656 (9th Cir. 2009) (discussing the "limited" nature of the right recognized in *Bounds*); *Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851, 855 (9th Cir. 1985) (holding that "a prison must provide inmates with access to an adequate law library or, *in the alternative*, with adequate assistance from persons trained in the law"). Typically, access to a court-appointed attorney satisfies prison authorities' obligation to provide prisoners meaningful access to the courts. *Id.; Smith v. Cty. of Santa Clara*, 223 Fed. App'x 701, 702 (9th Cir. March 1, 2007).

Defendant presents evidence that Douglas County AICs have access to defense counsel, a third-party legal research provider, and additional legal research tools through the CIDNET kiosk. *See* Second Ruble Decl. ¶ 5; & Ex. 3; Hisel Decl. Ex. 3 at 90-94. These resources are more than adequate to fulfill the jail's constitutional requirements. Plaintiff presents no evidence to dispute Defendants' assertions, and summary judgment is appropriate on this claim.

9 -     OPINION AND ORDER

## CONCLUSION

Plaintiff fails to present evidence showing a genuine issue of material fact to defeat summary judgment. Accordingly, Defendants' Motions for Summary Judgment (ECF No. 43 in 6:24-cv-00590-AA and ECF No. 25 in 6:24-cv-01465-AA) are GRANTED and Plaintiff's Motions for Summary Judgment (ECF Nos. 22, 49 in Case No. 6:24-cv-00590-AA) are DENIED. These actions are DISMISSED.

IT IS SO ORDERED.

DATED this  26th   day of March, 2025.

                                                /s/Ann Aiken
                                              ANN AIKEN
                                  United States District Judge